UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BORIS LIFSHAZ a/k/a/ Boris Lifshits,

    Plaintiff,

v.

ALBERTO R. GONZALES, et al.,

    Defendants.

No. C06-1470MJP

ORDER DENYING MOTION TO DISMISS AND SETTING EVIDENTIARY HEARING

    This matter comes before the Court on an Order to Show Cause why the Court should not grant Plaintiff's application for naturalization. (Dkt. No. 12). The Government's response was both a response to the Court's Order to Show Cause as well as a motion to dismiss or remand. (Dkt. No. 14.) The Government contends that it cannot make a decision on Mr. Lifshaz's naturalization application because the Federal Bureau of Investigation ("FBI") has not completed a "name check" on Mr. Lifshaz. Having reviewed the parties' briefs, as well as all documents submitted in support thereof, and the record in this case, the Court DENIES the Government's motion to dismiss and sets a date for a hearing, at which both parties may present evidence regarding whether the Court should immediately naturalize Mr. Lifshaz.

**Background**

    Plaintiff Boris Lifshaz has been a lawful permanent resident of the United States since September 1989. On October 20, 2003, he filed an application for naturalization with the United States Citizenship & Immigration Services ("CIS"). On April 12, 2004, Mr. Lifshaz met with CIS officials for his citizenship interview. Mr. Lifshaz alleges that he was told at the interview that he

ORDER - 1

passed the English language, history, and government tests, that he met the citizenship eligibility requirements, and that the only reason approval was being withheld was that the Government had not yet completed a "name check."[1] On October 10, 2006, Mr. Lifshaz filed a Complaint for Naturalization and Mandamus under 8 U.S.C. § 1447(b). On October 26, 2006, CIS requested that the FBI expedite Mr. Lifshaz's name check. (Harrison Decl. ¶ 14.) When he filed his complaint, more than twenty-nine months had passed since Mr. Lifshaz's interview, and the Government had not acted on his naturalization application. The Government maintains that it cannot process Mr. Lifshaz's naturalization application because Mr. Lifshaz's background investigation, specifically his name check, is not yet complete.

## Jurisdiction

The Court has jurisdiction over this matter. As the Government is well aware, this Court has previously decided that it has subject matter jurisdiction over this type of case under 8 U.S.C. § 1447(b).[2] Aslam v. Gonzales, No. C06-614, 2006 U.S. Dist. LEXIS 91747 (W.D. Wash. Dec. 19, 2006); Said v. Gonzales, No. C06-986, 2006 U.S. Dist. LEXIS 67750 (W.D. Wash. Sept. 21, 2006). Defendants argue that the Court should follow the reasoning of Danilov v. Aguirre, 370 F. Supp. 2d 441 (E.D. Va. 2005), and hold that the Court lacks jurisdiction over this matter until 120 days after the Government completes its background investigation of Plaintiff. The Court declines to follow the reasoning of Danilov,[3] and instead follows the position of the majority of district courts to consider

---

[1] As the Government explains, when a lawful permanent resident applies to USCIS for citizenship, CIS (or another government agency) conducts numerous mandatory criminal and national security background checks. The FBI "name check" is one of these background checks. (Harrison Decl. ¶¶ 3-4.)

[2] 8 U.S.C. § 1447(b) provides as follows:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [USCIS] to determine the matter.

[3] A minority of district courts have agreed with the reasoning in Danilov. See, e.g., Damra v. Chertoff, No. 1:05CV0929, 2006 U.S. Dist. LEXIS 45563 (N.D. Ohio June 23, 2006); El Kassemi

ORDER - 2

1  the issue, which have concluded that the word "examination" in § 1447(b) refers to the date of the

2  examination interview with a CIS officer, and not the entire examination process. See Thao Van

3  Nguyen v. Gonzalez, No. H07-0048, 2007 U.S. Dist. LEXIS 15646, at *8-9 (S.D. Tex. March 9,

4  2007) (citing cases); Kheridden v. Chertoff, No. 06-4792, 2007 U.S. Dist. LEXIS 13571, at *8-13

5  (D. N.J. Feb. 27, 2007); El-Daour v. Chertoff, 417 F. Supp. 2d 679, 681-83 (W.D. Pa. 2005).  The

6  statute and accompanying regulations use the term "examination" to refer to the interview date, not,

7  as the Danilov court concluded, the entire process of conducting the interview and completing the

8  background checks.  See 8 U.S.C. § 1447(b) (stating that the operable date is the "date on which the

9  examination is conducted") (emphasis added); 8 C.F.R. § 335.1 (mandating that CIS "conduct an

10 investigation of the applicant" that includes "a review of all pertinent records, [and] police department

11 checks. . . ."); 8 C.F.R. § 335.2(b) (stating that full criminal background check must be completed

12 before examination is conducted); see also United States v. Hovsepian, 359 F.3d 1144, 1151 (9th Cir.

13 2004) (noting that the "statute provides that, if the INS fails to make a decision regarding a

14 naturalization application within 120 days of an applicant's first interview," the applicant may seek a

15 judicial hearing on the matter).

16    Mr. Lifshaz was interviewed by CIS on April 12, 2004, triggering the start of the 120-day

17 period.  Over 900 days elapsed between the date of Mr. Lifshaz's interview and the filing of his

18 complaint on October 10, 2006.  This period well exceeds the 120-day time limit required under

19 section 1447(b). Therefore, because over 120 days elapsed since Plaintiff's "examination," this Court

20 has subject matter jurisdiction over the issues raised in Plaintiff's complaint. As such, Defendants'

21 motion to dismiss for lack of subject matter jurisdiction is DENIED.

22                                             **Available Relief**

23    CIS has failed to make a determination on Mr. Lifshaz's petition for naturalization within 120

24 days after his examination in violation of 8 U.S.C. § 1447(b).  Plaintiff requests that the Court either

25 direct CIS to grant naturalization within a specific time period or administer the naturalization oath

26 ─────────────────

v. Dept. of Homeland Security, No. 06-1010, 2006 U.S. Dist. LEXIS 74516 (D. N.J. Oct. 13, 2006).

ORDER - 3

1  without further CIS review.  Defendants argue that the Court should either (a) remand to CIS with
2  instructions to adjudicate Mr. Lifshaz's application once CIS receives the security check results, or
3  (b) conduct a full trial on the merits at which Mr. Lifshaz will bear the burden of demonstrating that
4  he meets all naturalization requirements.

5        As the Court explained in Aslam, the Court is not equipped to conduct the kind of
6  investigation required to determine whether an applicant presents a risk to national security or public
7  safety.  See El-Daour, 417 F. Supp. 2d at 684.  Nevertheless, the Court is disturbed by the possibility
8  that a determination on Mr. Lifshaz's naturalization application will be endlessly delayed.  Mr. Lifshaz
9  is "understandably anxious to complete the naturalization process so he can fully enjoy the benefits of
10 United States citizenship."  Id. at 683 (quoting Alkenani v. Barrows, 356 F. Supp. 2d 652, 657 (N.D.
11 Tex. 2005)).

12       Considering both the Government's interest in public safety and national security and Mr.
13 Lifshaz's individual interest in having his naturalization application adjudicated, the Court concludes
14 that it is appropriate to hold an evidentiary hearing on whether Mr. Lifshaz should be naturalized.
15 The hearing is set for **Friday, June 1, 2007, at 2:15 p.m.** in the courtroom of the Honorable Marsha
16 J. Pechman in the U.S. District Court at 700 Stewart Street in Seattle, WA.  If the parties wish to
17 conduct discovery before the hearing, they may ask the Court to set a schedule for doing so.
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
   //

ORDER - 4

**Conclusion**

Mr. Lifshaz has been a lawful permanent resident of this country for over seventeen years. He has been waiting for the Government to make a decision on his naturalization application for over three years. The Government has failed to do so in a timely manner. Because this Court has jurisdiction, the Government's motion to dismiss or remand is DENIED and this case is set for an evidentiary hearing on **Friday, June 1, 2007, at 2:15 p.m.** If the Government determines that it is ready to make a decision on Mr. Lifshaz's application before May 30, it may file a motion to remand or the parties may file a stipulated and proposed order of remand and dismissal.

The clerk is directed to send copies of this Order to all counsel of record.

Dated this 19th day of April, 2007.

Marsha J. Pechman
United States District Judge

ORDER - 5